**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2589**

ADAMS HOUSING, LLC,

        Plaintiff - Appellee,

    v.

THE CITY OF SALISBURY, MARYLAND,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, Senior District
Judge. (1:15-cv-01011-JFM)

Argued: October 26, 2016        Decided: November 29, 2016

Before THACKER and HARRIS, Circuit Judges, and Gerald Bruce LEE,
United States District Judge for the Eastern District of
Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Victoria M. Shearer, KARPINSKI, COLARESI & KARP, P.A.,
Baltimore, Maryland, for Appellant. Luke Americus Rommel,
ROMMEL & ASSOCIATES, LLC, Salisbury, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adams Housing, LLC ("Adams Housing") filed this action against the City of Salisbury, Maryland, ("Salisbury") pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), alleging a variety of state and federal violations. Salisbury responded and moved to dismiss all claims. In an unusual posture, the district court apparently converted the motion to dismiss into a motion for summary judgment and granted judgment to Adams Housing, the nonmovant. Because Salisbury did not receive notice and an adequate opportunity to argue its case, we vacate the district court's judgment and remand for further proceedings.

I.

In 1997, Salisbury enacted its Occupancy Ordinance "to establish and maintain basic minimum standards and conditions essential for the protection of health, safety and general welfare of the public." Salisbury, Md., Code of Ordinances § 15.24.030(A) ("the Ordinance").[1] The Ordinance limits housing in certain areas to "one of the following groups": (1) families related by blood, marriage, or a "custodial relationship"; (2) "[u]p to a maximum of two persons who are not so related,

―――――――――――

[1] The Ordinance has been amended on multiple occasions since 1997, and we refer to the version in effect in 2014.

2

hereinafter referred to as 'unrelated persons'"; or (3) any group of four persons approved as a "functional family." § 15.24.490.

In July 2014, two brothers and their friend -- all college students -- rented a house at 418 West College Avenue, Salisbury, Maryland, from Adams Housing. Shortly thereafter, on September 26, 2014, Adams Housing received an order to reduce the number of occupants from the Code Enforcement Officer ("Order"). See J.A. 135-37.[2] Adams Housing challenged the Order in a hearing before the Salisbury Housing Board of Adjustments and Appeals ("HBAA"). The HBAA found Adams Housing to be in violation of the Ordinance because the Ordinance "was written with the idea that two unrelated people would [not] share a house unless they were a family or they went through [the] functional family clause." Id. at 214. Adams Housing challenged the HBBA decision in the Circuit Court for Wicomico County, Maryland. The action was stayed on May 26, 2015.

On April 8, 2015, Adams Housing filed a complaint against Salisbury in the Federal District Court for the District of Maryland alleging: the Ordinance, on its face, violated the Equal Protection and Due Process Clauses of the Fourteenth

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

Amendment; the Ordinance as applied to Adams Housing violated its equal protection and due process rights pursuant to both the Fourteenth Amendment and the Maryland Declaration of Rights; the Ordinance was void for vagueness on its face and as applied to Adams Housing; and Salisbury tortiously interfered with Adams Housing's contracts. The complaint requested declaratory relief, costs, and attorney's fees.

On June 18, 2015, Salisbury moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Adams Housing responded to the motion to dismiss and reiterated its litany of constitutional challenges. On September 24, 2015, the district court conducted a status conference call with all the parties. No transcript was kept of the phone call.

According to the district court, on the call, "both parties agreed the facts of the case were undisputed and discovery was unnecessary." Adams Hous., LLC v. City of Salisbury, Md., 147 F. Supp. 3d 390, 391 n.1 (D. Md. 2015). At oral argument before this court, however, Salisbury explained that, during the call, it had accepted the allegations in the complaint as true for the purposes of arguing the motion to dismiss but neither admitted their actual veracity, nor waived any discovery rights. See Oral Argument at 12:34, Adams Hous., LLC v. City of Salisbury, Md., No. 15-2589 (4th Cir. Oct. 26,

4

2016), http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments.

Indeed, after the phone call, Salisbury sent a letter to the district court requesting "the Court permit the case to move forward to discovery" if the court denied the motion to dismiss. J.A. 240. The district court acknowledged receiving the letter but otherwise ignored its content. See Adams Hous., LLC, 147 F. Supp. 3d at 391 n.1 ("I conducted a call with Adams Housing and Salisbury's counsel on September 24, 2015, where both parties agreed the facts of the case were undisputed and discovery was unnecessary. On the call, both parties consented to the issuance of a final opinion; however, on October 8, 2015, defendant's counsel wrote a letter requesting the court move forward with discovery if I denied defendant's motion for [sic] dismiss.").

On November 30, 2015, the district court entered its Memorandum Opinion and Final Order. The district court dismissed Adams Housing's facial challenges under the Equal Protection and Due Process Clauses, the facial vagueness challenge, and the tortious interference with contract claim.[3] However, instead of simply denying the motion to dismiss as it

---

[3] The court did not reach the as-applied due process and equal protection challenges. See Adams Hous., LLC, 147 F. Supp. 3d at 399.

5

related to the as-applied vagueness challenge, the district court awarded judgment to Adams Housing, "declar[ing] Salisbury's interpretation and enforcement of the Occupancy Ordinance unconstitutionally vague as-applied to Adams Housing." Adams Hous., LLC, 147 F. Supp. 3d at 399.

The district court was cryptic. Its opinion never uses the words "summary judgment" nor does it cite any rule of procedure or precedent to support this unusual disposition. As best we can decipher, the district court sua sponte converted the motion to dismiss into cross-motions for summary judgment and granted summary judgment to Adams Housing. See Adams Hous., LLC, 147 F. Supp. 3d at 391. The district court simply stated the action was "ripe for declaratory judgment" and declared Salisbury's occupancy ordinance vague as-applied. Id. at 391, 399. During argument before this court, both parties interpreted the district court's opinion as granting summary judgment. See Oral Argument, Adams Hous., LLC, No. 15-2589, at 12:34, 33:44. We too classify the declaration as a grant of summary judgment.

Salisbury timely filed this appeal. Because we conclude the district court failed to follow the proper procedure for granting summary judgment, we vacate its judgment.

II.

District courts have inherent power to grant summary judgment. See Allstate Ins. Co. v. Fritz, 452 F.3d 316, 323 (4th Cir. 2006). However, before granting summary judgment, a court must afford the losing party notice and an opportunity to be heard. See id. The court must give notice to ensure that the party is aware that it must "come forward with all of [its] evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Once such party has sufficient notice, the party also needs an "adequate opportunity" to present its case and "demonstrate a genuine issue of material fact." U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989). These requirements serve to provide the party with a "full and fair opportunity to present its case." aaiPharma Inc. v. Thompson, 296 F.3d 227, 235 (4th Cir. 2002).

Here, the district court failed to provide notice and an opportunity to respond. The only possible attempt to do so was during the status conference call, but that call was inadequate for both tasks.

At that juncture, when the only pending matter was a motion to dismiss, Salisbury could not have known it needed to come forward with all of its evidence. See U.S. Dev. Corp., 873 F.2d at 735 (explaining that the notice must be viewed in the context of "the procedural, legal, and factual complexities of

7

the case"). Similarly, the call did not provide an adequate opportunity for Salisbury to present its case. See id. On the call, it would have been impossible for Salisbury to spontaneously marshal all of its evidence and demonstrate its relevance to the legal allegations.

In sum, when no motion for summary judgment was pending, no opportunity for discovery was provided, and no hearing was conducted, the district court could not grant summary judgment. This was not a fair chance to litigate. Therefore, the district court's grant of summary judgment was improper.

## III.

For the foregoing reasons, we vacate and remand for further proceedings to allow an adequate opportunity for discovery and for each side to argue its case.

<u>VACATED AND REMANDED</u>

8