**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-2044**

_____

ADAMS HOUSING, LLC,

        Plaintiff - Appellant,

    v.

CITY OF SALISBURY, MARYLAND,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-01011-JFM)

_____

Submitted: February 1, 2018                     Decided: March 12, 2018

_____

Before KING, THACKER, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Luke A. Rommel, ROMMEL & ASSOCIATES, LLC, Salisbury, Maryland, for Appellant. Victoria M. Shearer, KARPINSKI, COLARESI & KARP, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Adams Housing, LLC ("Adams") appeals the district court's order granting summary judgment in favor of the City of Salisbury ("the City") and dismissing Adams' constitutional challenge to a provision in the City's property code preventing more than two unrelated persons from occupying single-family dwellings in certain residential zones. Because the case is moot, we vacate the district court's order and remand with instructions to dismiss as moot. *See Catawba v. Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 589–90 (4th Cir. 2016).

In July 2014 Adams leased a single-family house in Salisbury to two brothers and an unrelated friend. On September 26, 2014, Adams received an "Order to Reduce Occupancy" from the city based on a local ordinance restricting housing in certain areas to "one of the following groups": (1) families related by blood or marriage, or a "custodial relationship"; (2) "[u]p to a maximum of two persons who are not so related, hereinafter referred to as 'unrelated persons' . . ."; or (3) any group of four persons approved as a "functional family." Salisbury, Md., Municipal Code § 15.24.490 (the "Ordinance").

Adams challenged the order in a hearing before the Salisbury Housing Board of Adjustments and Appeals ("HBAA"). The HBAA found Adams to be in violation of the Ordinance but allowed the current tenants to finish their one year lease.

Thereafter, Adams filed a complaint in federal court against the City alleging: the Ordinance, on its face, violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment; the Ordinance was void for vagueness; the Ordinance was void as

2

applied to the Appellant; and tortious interference with contract.[1]  Although Adams sought

damages for tortious interference with contract, it sought only declaratory relief on the

constitutional claims.

The City filed a motion to dismiss.  While the City's motion to dismiss was pending,

the lease at issue expired, and the tenants vacated the property.  The district court, sua

sponte, converted the motion to a motion for summary judgment.  The district court

declared the Ordinance unconstitutionally vague as applied and granted summary judgment

in favor of Adams.  The district court dismissed the remainder of the claims.  The City

appealed.  In an unpublished decision, this court vacated the district court's decision and

remanded the case to the district court because it improperly converted the motion to a

motion for summary judgment. *Adams Hous., LLC v. City of Salisbury, Maryland*, 672 F.

App'x 220, 223 (4th Cir. 2016) ("In sum, no motion for summary judgment was pending,

no opportunity for discovery was provided, and no hearing was conducted, the district court

could not grant summary judgment.  This was not a fair chance to litigate.").[2]

On remand, the City moved for summary judgment on the as applied vagueness

claim. The district court, reversing its earlier position, found that the Ordinance is not vague

as applied to the occupancy at issue.  Adams appealed.  Adams contends that the district

court erred in reversing its earlier position on the as applied vagueness claim, and that the

---

[1] Adams also challenged the HBAA decision in the Circuit Court for Wicomico County, Maryland.  The action was stayed on May 26, 2015.

[2] Adams did not appeal the district court's dismissal of its other claims.  We requested that the parties brief the issue of mootness, but did not address the issue.

3

district court failed to address its claim that the Ordinance as applied violates equal protection and due process in either of its orders.[3] The only claim remaining on appeal is whether Adams is entitled to a declaratory judgment that the Ordinance is vague as applied to an occupancy of two related persons and one unrelated person.

We have an independent obligation to determine whether subject-matter jurisdiction exists. "Article III, § 2, of the Constitution confines federal courts to the decision of Cases or Controversies." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (internal quotation marks omitted). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review . . . ." *Id.* at 67 (internal quotation marks omitted). "There is thus no case or controversy, and a suit becomes moot, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).

The issue presented in this appeal -- whether the Ordinance is vague as applied to a specific occupancy -- is no longer live. The lease between Adams and the tenants has expired, and the occupancy no longer exists. Although Adams initially asked for damages for tortious interference, that claim is no longer before us. Adams seeks only a declaratory judgment that the Ordinance is unconstitutionally vague as applied to the now-expired

---

[3] Adams did not address that claim in its brief in opposition to summary judgment, however, and thus it cannot raise this argument on appeal. *See United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) ("Failure to raise an argument before the district court typically results in the waiver of that argument on appeal.").

occupancy.  Accordingly, there is no longer an actual controversy between Adams and the City.

Additionally, this case does not fit into the "narrow exception" to the mootness doctrine for cases capable of repetition yet evading review.  *Williams v. Ozmint*, 716 F.3d 801, 810 (4th Cir. 2013). "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). Adams maintains that the City's interpretation is incorrect and further alleges that the City has arbitrarily and inconsistently enforced the Ordinance in the past and will continue do to so in the future.  These contentions, however, do not demonstrate a reasonable expectation that the same action will recur.

Because we lack subject-matter jurisdiction, we vacate the district court's order granting summary judgment and remand to the district court with instructions to dismiss as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*